# 99 DTA 107

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA

CESAR MOTA
Recurrido

v.

CADENA SALSOUL Y COMPAÑIA ASEGURADORA ABC
Peticionarios

Núm. KLCE-99-00203

San Juan, Puerto Rico, a 16 de marzo de 1999

Panel integrado por su Presidenta, la Juez Rivera de Martínez
y los Jueces Colón Birriel y Soler Aquino

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

La peticionaria, Cadena Salsoul (*"la peticionaria"*), nos solicita la revocación de una *"Orden"* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 3 de febrero de 1999, archivada en los autos copia de su notificación el 9 de febrero de ese año. Mediante el referido dictamen, se declaró *"Ha Lugar"* la moción de sentencia sumaria que presentara el peticionario en la demanda que por daños y perjuicios presentara en su contra el recurrido César Mota (*"el recurrido"*). La peticionaria acompañó con su solicitud una *"Moción en Auxilio de Jurisdicción"*. Resolvemos.

### II

Surge del expediente que el 15 de mayo de 1998, el recurrido presentó una demanda de daños y perjuicios contra el peticionario y su aseguradora ABC. Alegó, entre otras cosas, que desde hacía aproximadamente dos (2) años era empleado de seguridad en el baño de caballeros del salón de baile *"San Juan Chateau";* que el 3 de abril de 1998, mediante una transmisión radial por la emisora *"Cadena Salsoul"* un locutor de dicha emisora de nombre Epifanio Colón difundió que él era homosexual y que en una ocasión en que Epifanio Colón visitó el salón de baile, él (el recurrido) le había hecho un acercamiento sexual no deseado; que la difusión fue efectuada a toda la audiencia de la emisora siendo motivo de una gran broma; que lo difundido no era cierto y no fue autorizado por él; que ha sido objeto de bromas, sospechas e inquisiciones relacionadas a las imputaciones difundidas, otros le han manifestado expresiones de condolencias; y que lo difundido son afirmaciones viciosas y mal intencionadas y le han lesionado su dignidad y reputación; sufre de profundas angustias mentales a raíz de la difusión, además, de gran verguenza ante sus compañeros de trabajo y público en general. Solicitó se declare con lugar su demanda y se le condenara a la peticionaria a pagarle la suma de $125,000.00 más intereses y honorarios de abogado.

Tras otros incidentes, la peticionaria contestó la demanda, aceptando algunas de las alegaciones y negando otras, levantando varias defensas afirmativas. Se dio comienzo al descubrimiento de prueba y el recurrido solicitó orden protectora a tenor con la Regla 34 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 34.

Así las cosas, el 14 de diciembre de 1998, la peticionaria presentó una moción solicitando se dictara sentencia sumaria, alegando, en síntesis, que las expresiones vertidas en el referido programa estaban protegidas por el Artículo II de la Constitución de los Estados Unidos de América y la Primera Enmienda de la Constitución del Estado Libre Asociado de Puerto Rico. ■ Solicitó, además, que se paralizara el descubrimiento de prueba por razón de que su moción de sentencia sumaria estaba basada en planteamientos de primera enmienda los cuales podían ser dispositivos del caso por tratarse de planteamientos de estricto derecho. ■ El 8 de enero de 1999, el recurrido presentó su oposición a la sentencia sumaria. ■ El 3 de febrero de 1999, el foro de instancia emitió la orden que copiada en lo pertinente, lee como sigue: ■

*"A LA MOCION DE SENTENCIA SUMARIA PRESENTADA POR LA PARTE DEMANDADA: NO HA LUGAR. LA CONFERENCIA CON ANTELACION AL JUICIO SE CELEBRARA EL 17 DE MARZO DE 1999 A LAS 9:00 A. M. 10 DIAS PARA CONTESTAR INTERROGATORIOS PENDIENTES."*

Inconforme, la peticionaria le imputa como error al foro de instancia el haber declarado sin lugar su solicitud de sentencia sumaria.

### III

La Regla 36.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.4, dispone, en lo pertinente, que cuando el tribunal de instancia estime necesario celebrar juicio, determinará, al examinar la moción de sentencia sumaria, los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos. Lo importante de esta regla es que el texto hace énfasis en el carácter mandatorio de la determinación de los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos. La Regla 36.4 exige, además, que el tribunal emita una orden, especificando *"los hechos sobre los cuales no hay controversia sustancial"*. En tal caso, *"[al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad". Si el tribunal declara sin lugar la moción de sentencia sumaria y no cumple con la obligación de especificar los hechos establecidos, todas las cuestiones planteadas en las alegaciones deberán ventilarse en juicio plenario"*. Hartmann v. American News Co., 171 F. 2d 581 (1948). Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil,* **Publicaciones J.T.S.**, 1979, págs. 192-193.

Entendemos que sólo podremos ejercer nuestra función revisora de una manera eficiente, y así salvaguardar los propósitos en los cuales se ampara la Ley de la Judicatura de 1994, si tenemos ante nosotros por lo menos una determinación de los hechos materiales sobre los cuales no existe controversia o aquéllos que están realmente controvertidos.

El Tribunal Supremo le ha exigido a nuestro Tribunal resolver de manera fundamentada los asuntos planteados en los recursos que tengamos ante nuestra consideración. Ello es lógico, ya que solamente así podrá el alto foro cumplir adecuadamente su función revisora cuando se cuestione ante si un dictamen emitido por este Tribunal. *Sociedad de Gananciales v. García Robles*, __ D.P.R. __ (1997), **97 J.T.S. 7;** *Maldonado Bermúdez v. Maldonado González*, __ D.P.R. __ (1996), **96 J.T.S. 86,** a las págs. 1250, 1253. Teniendo similarmente nuestro Tribunal la función de revisar los dictámenes que procedan del Tribunal de Primera Instancia, es igualmente lógico que exijamos tener ante nos los fundamentos básicos sobre los cuales dicho tribunal haya tomado sus decisiones.

En virtud de lo anterior, se expide el auto de *certiorari* solicitado, se revoca la resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Caguas, para que emita una resolución donde se determinen los hechos materiales sobre los cuales no existe controversia y aquéllos que alegadamente están realmente controvertidos acorde con las disposiciones de la Regla 36.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.4. En su consecuencia resulta académico el auxilio de jurisdicción solicitado.

Notifíquese vía facsímil, teléfono, además de por la vía ordinaria.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 99 DTA 107**

**1.** Exhibit 10 de la petición.

**2.** Exhibit 11 de la petición.